UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GARY FERRAS, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>HUSQVARNA CONSTRUCTION PRODUCTS NORTH AMERICA, INC., HUSQVARNA NORTH AMERICA, HUSQVARNA GROUP, and DOES 1 through 100 inclusive,<br><br>    Defendants. | Case No: C 16-01081 SBA<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANT'S MOTION TO STAY PROCEEDINGS** |

Plaintiff Gary Ferras ("Plaintiff") initiated the instant discrimination and wrongful termination action against his former employer, Husqvarna Construction Products North America, Inc. ("Defendant").[1] The matter is before the Court on Plaintiff's Motion to Remand, Dkt. 6, and Defendant's Motion for a Stay of Proceedings, Dkt. 9. Having read and considered the papers filed in connection these matters and being fully informed, the Court hereby DENIES Plaintiff's motion to remand and DENIES as moot Defendant's motion for a stay of proceedings. The Court, in its discretion, finds the matters suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

---

[1] Plaintiff also named as defendants Husqvarna North America and Husqvarna Group. Husqvarna North America and Husqvarna Group are names used in North America and worldwide, respectively, to refer to the group of companies wholly owned by Husqvarna AB, a publicly held corporation organized under the laws of Sweden. Slocum Decl. ¶ 4, Dkt. 1-4. Husqvarna North American and Husqvarna Group are not formal entities, and thus, have not received service or appeared in this action.

## I. BACKGROUND

Plaintiff is a resident of Contra Costa County, California. Compl. ¶ 4, Dkt. 1, Ex. A. Defendant is a Delaware corporation regularly doing business in California. Id. ¶ 5.

On January 25, 2016, Plaintiff commenced the instant employment action against Defendant in the Superior Court of California, Contra Costa County, alleging state law causes of action for: (1) age discrimination; (2) disability discrimination; (3) failure to prevent discrimination; (4) wrongful termination; and (5) unfair competition.

On March 3, 2016, Defendant removed the action to this Court based on diversity jurisdiction. Dkt. 1. At the time of removal, Defendant had forfeited its corporate status in California for failure to file certain forms and pay associated penalties. See Cohen Decl., Ex. A., Dkt. 7; Arraneda Decl, ¶ 3, Dkt. 10-1.

On April 4, 2016, Plaintiff filed the instant motion for remand. Dkt. 6. Plaintiff argues that Defendant lacked the legal capacity to remove the case because it forfeited its corporate rights, powers, and privileges. Defendant opposes the remand motion. Defendant acknowledges that it forfeited its corporate powers, but argues that revival of those powers will serve to ratify its prior litigation actions, including removal.

Additionally, on April 19, 2016, Defendant filed the instant motion to stay the proceedings. Dkt. 9. Defendant asserts that the Court should not resolve the remand motion until Defendant has had an opportunity to secure revival of its corporate powers. Defendant thus argues that a brief stay of the proceedings is appropriate.[2]

On June 8, 2016, Defendant filed notice of the revival of its corporate powers. Dkt. 28. Defendant also filed an administrative motion to supplement the record to reflect the same. Dkt. 30. Plaintiff stipulates to the supplementation. Id. In light of the stipulation, and for good cause shown, the Court GRANTS Defendant's motion to supplement the record.

---

[2] The parties initially noticed the motion to remand and motion to stay for May 11 and June 8, 2016, respectively. Having found that the motions involve substantially the same issues, the Court set them for hearing on June 8. Dkt. 12. The Court subsequently took the matters under submission. Dkt. 25.

## II. LEGAL STANDARD

### A. REMAND

A defendant may remove to federal court any civil action over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a). "A motion to remand is the proper procedure for challenging removal." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). An action is subject to remand: (1) within 30 days of removal for any "defect" in the removal procedure; or (2) at any time before final judgment for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." Moore-Thomas, 553 F.3d at 1244 (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). "The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" Id. (quoting Gaus, 980 F.2d at 566).

### B. STAY OF PROCEEDINGS

A federal district court's authority to stay ongoing proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which may bear upon the case." Mediterranean Enter., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983) (citation omitted). A district court's decision to grant or deny a stay is a matter of discretion. See Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007).

## III. DISCUSSION

Plaintiff moves for remand on the ground that Defendant lacked the capacity to remove the action because it forfeited its corporate powers. Defendant opposes remand and moves for a brief stay to permit revival of its corporate powers. As stated above, Defendant in fact revived its corporate powers subsequent to the filing of the instant motions.

**A.    Meet and Confer**

Defendant asserts that the Court should strike Plaintiff's remand motion for failure to meet and confer. The Court typically requires parties to meet and confer prior to filing any motion in order to ensure that there is, in fact, a dispute requiring judicial intervention. See Standing Order No. 4. Here, although Plaintiff failed to satisfy the meet-and-confer requirement prior to filing his motion, it is clear that judicial intervention is required to resolve the instant dispute. Indeed, the parties met and conferred before Defendant filed the instant motion for a stay, which involves substantially the same issues as the remand motion. The Court therefore declines to strike Plaintiff's motion on this ground.

**B.    Timeliness of the Remand Motion**

Defendant argues that the Court should deny Plaintiff's remand motion as untimely because it was filed on "the 31st day after removal." Opp'n at 4, Dkt. 8. Defendant's reasoning is faulty. A motion for remand based on any defect other than lack of subject matter jurisdiction "must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). If the motion deadline falls on a weekend or legal holiday, however, the period extends to the "next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Defendant filed notice of removal on March 3, 2016; the remand period thus ended on *Monday*, April 4, 2016. Plaintiff's motion therefore is timely.

**C.    Capacity to Remove**

Plaintiff challenges Defendant's capacity to remove the instant action. Plaintiff argues that Defendant was subject to forfeiture of its corporate powers, not only at the time of removal, but also for the entirety of the removal period. See 28 U.S.C. § 1446(b) (providing 30 days for removal). Defendant does not dispute that it forfeited its corporate powers at the time of removal, or that such forfeiture continued beyond the removal period. Defendant argues, however, that revival of its corporate powers serves to ratify removal.[3]

---

[3] Because Defendant has obtained a certificate of revivor, the Court need not address Defendant's alternative arguments that 1) remand is contrary to the purposes underlying section 22301 and 2) substantial compliance with the revivor statute precludes remand. Likewise, the Court need not address Plaintiff's argument regarding the failure to revive.

- 4 -

California Revenue and Taxation Code ("Rev. & Tax. Code") section 23301 authorizes the forfeiture of a foreign taxpayer's "corporate powers, rights and privileges" for the nonpayment of certain taxes and penalties. The purpose of section 23301 is to compel a delinquent corporation to pay its taxes. Bourhis v. Lord, 56 Cal.4th 320, 325 (2013). A corporation that forfeits its corporate powers may apply to the Franchise Tax Board for reinstatement after paying any tax, penalty, interest, or other amount owed. Rev. & Tax. Code, § 22305. If all obligations are satisfied, the Franchise Tax Board issues a "certificate of revivor." Id. "Upon the issuance of the certificate by the Franchise Tax Board the taxpayer therein named shall become reinstated but the reinstatement shall be without prejudice to any action, defense or right which has accrued by reason of the original suspension or forfeiture . . . ." Id. § 23305a.

In general, a corporation whose powers have been suspended or forfeited lacks the capacity to prosecute or defend an action, or appeal from an adverse judgment. Bourhis v. Lord, 56 Cal. 4th 320, 324 (2013) (citing Reed v. Norman, 48 Cal.2d 338, 343 (1957)). Suspension or forfeiture prohibits a corporation from taking any litigation action, including the filing of a responsive pleading or notice of removal. It is therefore undisputed that Defendant's notice of removal was invalid when filed. The pertinent question is whether revival of Defendant's corporate powers retroactively validates the removal; established case law teaches that it does.

Revival of corporate powers retroactively validates *procedural* steps taken on behalf of a corporation while under forfeiture. Bourhis, 56 Cal. 4th at 326 (citing Rooney v. Vermont Inv. Corp., 10 Cal.3d 351, 359 (1973)); cf. id. at 328 (noting that expiration of a statute of limitations is a *substantive* defense, the accrual of which cannot be prejudiced by the later revival of corporate powers). As this Court has previously held, the filing of a notice of removal constitutes a procedural act capable of retroactive validation upon revival. Page v. Children's Council, No. C 06-3268 SBA, 2006 WL 2595946, at *4 (N.D. Cal. Sept. 11, 2006) (citing Maniar v. FDIC, 979 F.2d 782, 785 (9th Cir. 1992) (untimely removal is a procedural, not jurisdictional, defect)).

Furthermore, revival retroactively validates procedural acts even if the deadline for such action expired before the corporation succeeded in reviving its corporate powers. See Bourhis, 56 Cal. 4th at 323, 327 (holding that revival of a corporation's powers retroactively validated a notice of appeal that the corporation filed while its powers were suspended, even though the revival occurred after the time to appeal expired). Revival of Defendant's corporate powers thus serves to validate its prior notice of removal, even though the time to remove the action had already expired when Defendant obtained its certificate of revivor. See Page, 2006 WL 2595946, at *4 (noting that California courts permit retroactive validation of a range of litigation activities typically subject to a deadline, such as defending an action, undertaking discovery, and filing an appeal).

In support of remand, Plaintiff does not refute the case law that provides for retroactive validation of procedural acts upon the revival of a corporation's powers. Relying on Rev. & Tax. Code § 19719, however, Plaintiff argues that remand is required because Defendant's "very appearance" in this action, including the filing of the notice of removal, is "not only invalid but unlawful." Reply at 4, Dkt. 11. Section 19719 makes it a misdemeanor punishable by a fine and/or imprisonment for any person to attempt to exercise the powers of a suspended or forfeited corporation.

The Court finds that any purported misdemeanor offense arising out of Defendant's appearance in this action is irrelevant to the issues presented. As a threshold matter, individual corporate directors, officers, and/or attorneys would be subject to such criminal liability, not the corporation. See Rev. & Tax. Code § 19719(a) (providing for the punishment of "*any person*" who attempts to exercise suspended or forfeited corporate powers) (emphasis added); see also In re W. Coast Interventional Pain Med., Inc., 435 B.R. 569, 577 (Bankr. N.D. Ind. 2010) (describing individual liability). Moreover, although section 19719 clearly seeks to discourage the exercise of suspended corporate powers, California courts have consistently held that revival retroactively validates such actions, notwithstanding the fact that they were invalid and potentially unlawful when taken. See generally Kaufman & Broad Cmtys., Inc. v. Performance Plastering, Inc., 136 Cal. App. 4th

212, 217 (2006).  The matter of any criminal liability is therefore a collateral issue that is not pertinent to whether the Court should remand the action.  The Court therefore DENIES Plaintiff's remand motion.

### D. The Need for a Stay

Defendant moved for a brief stay of the proceedings in order to permit revival of its corporate powers before the Court undertook to resolve Plaintiff's remand motion.

The Court notes that Defendant was entitled to the benefit of a short continuance in order to pursue the revival of its corporate powers and oppose remand.  See Cadle Co. v. World Wide Hosp. Furniture, Inc., 144 Cal. App. 4th 504, 512-513 (2006) ("normal practice" is to permit a short continuance to enable a suspended corporation to effect reinstatement); see also Intercontinental Travel Mktg., Inc. v. F.D.I.C., 45 F.3d 1278, 1282 (9th Cir. 1994) (declining to dismiss the appeal of a suspended corporation that obtained revival prior to oral argument) (citing United States v. 2.61 Acres of Land, More or Less, 791 F.2d 666, 668-69 (9th Cir. 1985) (holding that the district court abused its discretion by failing to grant a brief continuance to allow a corporate party to obtain revivor)).

Nevertheless, a stay of proceedings is now unnecessary given that its purpose--obtaining a certificate or revivor--has already been achieved.  The Court therefore DENIES Defendant's motion for a stay of proceedings as moot.

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Defendant's administrative motion to supplement the record, Dkt. 30, is GRANTED.

2. Plaintiff's motion for remand, Dkt. 6, is DENIED.

3. Defendant's motion for a stay of proceedings, Dkt. 9, is DENIED as moot.

4. This Order terminates Docket Nos. 6, 9, and 30.

IT IS SO ORDERED.

Dated:  6/30/16

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge